```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


WESLEY B. MAYES,                §
Texas State Jail #1274331,      §
                                §
            Plaintiff,          §
                                §
v.                              §    CIVIL ACTION NO. H-05-3586
                                §
HARRIS COUNTY SHERIFF'S         §
MEDICAL DEPARTMENT, et al.,     §
                                §
            Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Wesley B. Mayes, a Texas State Jail prisoner, has filed a complaint against Harris County law enforcement officials and medical personnel alleging that his civil rights have been violated. 42 U.S.C. § 1983. Mayes claims that Harris County Sheriff's deputies used excessive force against him when they arrested him and that he was subsequently denied medical attention for his injuries. After reviewing the pleadings, including Mayes' response to the court's Order for More Definite Statement, this court has determined that the denial of medical attention claim shall be dismissed and that the use of excessive force claim shall be retained.

### I. Allegations

The arrest in question occurred on or about June 1, 2004. Deputies B. Espinosa and B. Taylor were in pursuit of Mayes. All

three parties were driving motor vehicles at high speeds when another deputy blocked Mayes' path.  Mayes asserts that he was coming to a stop when both Espinosa and Taylor hit his car deliberately in the rear with their cars causing him to suffer a serious back injury.

Mayes was initially taken to a police substation but was moved to LBJ Hospital after he complained that his back hurt.  A doctor at the LBJ Hospital examined Mayes on June 2, 2004, and he was subsequently treated by doctors at the Harris County Jail.  Mayes' request for therapy was denied; however, he was given a prescription for pain medication that included non-steroid anti-inflammatory drugs, Ibuprofen, Indomethacin, and Eliville.  When Mayes asked for something stronger, the doctor said that they could not comply with his request.

Mayes complains that although he was prescribed medication, there were delays at the jail pharmacy and he had to go without the medications from June 16, 2004, until June 28, 2004.  Mayes contends that the pharmacy was mismanaged and that he suffered pain and sleeplessness due to the pharmacist's failure to ensure that he got his medications in a timely manner.

Mayes alleges that he still suffers from chronic pain as a result of the collision and that the Harris County Sheriff's Office, the Harris County Sheriff's Medical Department, and unnamed officials working in the jail pharmacy are responsible for the

alleged denial of medication. He seeks compensation from Harris County for his pain and suffering.

## II. Analysis

Mayes is a prisoner and is proceeding as a pauper. Therefore, the court will determine whether there is any legal basis to his claims before ordering the defendants to file a response. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Mayes must present facts that persons acting under color of state law violated his constitutional rights or rights created by federal law. Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994).

The use of excessive force claim is considered under the Fourth Amendment because the deputies were in the process of seizing and arresting Mayes at the time of the incident in question. Such a claim may arise whenever the police use force to impede or terminate a suspect's freedom of movement. Brower v. County of Inyo, 109 S.Ct. 1378 (1989) (suspect in pursuit killed by police road block set up to stop him). While an injury is not actionable if it is the result of an accident or a police officer's negligence, serious physical harm from a deliberate act under color of law may be actionable. Id. Mayes contends that Deputies Espinosa and Taylor hit his vehicle knowing that he had stopped and was no longer fleeing. It is possible that evidence will show that

if there was a collision it was the result of an accident and that there was no seizure under the Fourth Amendment. See, e.g., Campbell v. White, 916 F.2d 421 (7th Cir. 1990) (police officer's accidental running over of motorcyclist whom he had been chasing for speeding did not constitute seizure for purposes of civil rights determination). Moreover, the deputies cannot be held liable in a civil rights proceeding if the evidence proves the collision was a product of their negligence. See Walton v. Salter, 547 F.2d 824 (5th Cir. 1976). However, liberal interpretation of Mayes' pleadings requires that his excessive force claim be retained, and it is necessary to seek a response from Espinosa and Taylor. See Haines v. Kerner, 92 S.Ct. 594 (1972); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

In contrast to his excessive force claim, Mayes fails to allege facts which establish that he was denied adequate medical attention in violation of his constitutional rights. Mayes' medical care claim is reviewed under the Fourteenth Amendment because he was a recent arrestee. Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), citing Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992). Persons held in custody are entitled to reasonable medical care unless there is a legitimate governmental objective behind the failure to provide that care. Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987). In order for a jail or police official to be liable for denial of medical care,

the facts must demonstrate that they were deliberately indifferent to a detainee's serious medical needs. Nerren, 86 F.3d at 473, citing Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir. 1996). It must be shown that the defendants were aware of facts that showed that the detainee's health was in danger and that the defendants knowingly chose to ignore the danger. Thompson v. Upshur County, Tex., 245 F.3d 447 (5th Cir. 2001); Sibley v. Lemaire, 184 F.3d 481, 489 (5th Cir. 1999).

Mayes admits that he was taken to the hospital within a few hours of his arrest where he was examined and given medication. In the following weeks he was seen several times by more doctors. He was prescribed medication and, although there may have been some delays, the medication was given to him. While the treatment may have not been ideal, Mayes' basic needs were met and his constitutional right to medical care was not violated. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Although the court accepts as true Mayes' statements that he was in pain due to the back injury, there is no basis for a finding that his constitutional rights were violated by the jail's medical department. Id. There is no indication that the delay in providing the medication caused serious injury or that the defendants wantonly denied medical treatment. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (medical records which indicate that the plaintiff had been seen by

medical personnel would rebut plaintiff's claim of deliberate indifference).

In addition to failing to establish a claim regarding medical care, Mayes has failed to identify a party who is personally liable for the alleged denial. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Mayes' reference to an unnamed pharmacist in his court ordered More Definite Statement (Docket Entry No. 15) is not sufficient to identify the individual for service of process. See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Moreover, Mayes' allegations fail to identify any policy or practice that would show that Harris County or any of its departments violated Mayes' right to medical care. See Flores v. County of Hardeman, Tex., 124 F.3d 736, 738 (5th Cir. 1997). Therefore, Mayes' claim regarding medical care will be dismissed as frivolous under the provisions of 28 U.S.C. § 1915(e) because it has no basis in law. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

### III.  Pending Motions

Mayes has filed a motion in which he requests that the court reconsider its prior order denying production of his medical records in reference to his allegations of denial of treatment. The motion (Docket Entry No. 14) will be denied because there is no legal basis to his denial of medical attention claim. See Vander Zee v. Reno, 73 F.3d 1365, 1368-69 (5th Cir. 1996).

Mayes has also filed two motions in which he seeks to compel the defendants to reply to the court's Order for More Definite Statement. The purpose of the Order for More Definite Statement was to allow the plaintiff an opportunity to provide additional facts in support of his claims. Cay v. Estelle, 789 F.2d 318, 323 (5th Cir. 1986), citing Watson v. Ault, 525 F.2d 886, 893 (5th Cir. 1976). As stated above, the court has determined that the use-of-excessive-force claim should go forward and has ordered the remaining defendants to answer the allegations. The motions (Docket Entry Nos. 16 and 21) will be denied.

Mayes has filed several motions in which he seeks leave to amend his complaint concerning his excessive force and denial of medical care claims. The court has considered the arguments and allegations raised in the amendments. The motions (Docket Entry Nos. 17, 20, and 25) will be granted. Mayes is admonished that he may not continue to amend his complaint freely by adding additional claims or parties after the defendants have filed a response or a dispositive motion. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

Mayes has filed several motions in which he seeks court-appointed counsel. In general, there is no right to court-appointed counsel in civil rights cases. Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Mayes contends that his imprisonment curtails his ability to prosecute this action. His argument is

undercut by the flurry of motions filed in this proceeding. Mayes is **ADMONISHED** that he will be sanctioned if he files repetitive, frivolous, or vexatious pleadings. Appointment of counsel is not warranted in this action due to the elementary nature of its issues and Mayes' demonstrated ability to litigate his case. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998). The motions (Docket Entry Nos. 13, 25, and 28) will be denied.

### IV.  Conclusion and Order

The court **ORDERS** the following:

1.  Mayes' claim that he was denied medical care is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

2.  The Harris County Sheriff's Department, the Harris County Sheriff's Office, and all officials who are alleged to have deprived Mayes of medical care are **DISMISSED**.

3.  Mayes' claim regarding use of excessive force is **RETAINED** and defendants Espinosa and Taylor will be **ORDERED** to answer the allegations in a separate Order.

4.  The motions for reply, discovery, and appointed counsel (Docket Entry Nos. 13, 14, 16, 21, 27, and 28) are **DENIED**.

5.  The motions to file amended pleadings (Docket Entry Nos. 17, 20, and 25) are **GRANTED**.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE